**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| QUOTELAB, LLC. D/B/A DIRECTHEALTHINSURANCE | |
| Defendant. | |

## PLAINTIFF'S CLASS ACTION COMPLAINT

Plaintiff Leon Weingrad ("Mr. Weingrad"), by his undersigned counsel, for this class action complaint against Defendant QuoteLab, LLC d/b/a DirectHealthInsurance, as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I.    INTRODUCTION

1.    <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2.      "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3.      Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4.      Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.    PARTIES

5.   Plaintiff Weingrad is an individual who resides in the Eastern District of Pennsylvania.

6.   Defendant QuoteLab, LLC d/b/a DirectHealthInsurance is a Delaware LLC registered to do business in Pennsylvania.

## III.    JURISDICTION AND VENUE

7.   Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violations of the Pennsylvania Telemarketer Registration Act relates to the same telemarketing campaign as the TCPA claim.

8.   Personal Jurisdiction: The Court has general personal jurisdiction over Defendant QuoteLab, LLC d/b/a DirectHealthInsurance because it is a corporation registered by the Pennsylvania Secretary of State to do business in Pennsylvania. *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122 (2023).

9.   Venue: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—was sent into this District.

## IV.    FACTS

**A.    The Enactment of the TCPA and its Regulations**

10.    In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11.    Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.    The Pennsylvania Telemarketer Registration Act**

15.    Realizing the particular harm to Pennsylvania residents that unsolicited telemarketing calls to them poses, the General Assembly passed Sections 2241 through 2249 of section 73 of the Pennsylvania Consolidated Statutes, which requires all "telemarketing businesses" and "telemarketers" to register as such with the Pennsylvania Attorney General at least 30 days prior to "offering for sale consumer goods or services through any medium." It is

unlawful for a telemarketer to initiate a telephone call to a consumer without registering with the Office of Attorney General. 73 PA. CONS. STAT. § 2243.

16.     Insurance services are services covered by the statutory definition of "telemarketing" for which there is no exemption for being a "telemarketer." *Id*. § 2242.

17.     A violation of the Telemarketer Registration Act is also a violation of the Unfair Trade Practices and Consumer Protection Law (UTP/CPL). *Id*. § 2246(a). The UTP/CPL provides for a private right of action for violations thereof, for either attorneys fee's and costs, together with actual damages or statutory damages of $100, which can be up to trebled. 73 PA. CONS. STAT. § 201-9.2(a).

18.     Upon information and belief, the Defendant is not registered with the Pennsylvania Office of Attorney General.

**C.     Unsolicited Telemarketing to Plaintiff**

19.     Plaintiff Weingrad is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.     Plaintiff's residential telephone number is (267)-XXX-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

21.     Mr. Weingrad uses the number for personal, residential, and household reasons.

22.     Plaintiff Weingrad never consented to receive calls from Defendant.

23.     Plaintiff Weingrad never did business with the Defendant.

24.     Despite this, Plaintiff received a total of at least 4 automated text messages from Defendant's number 818-650-1443 as part of a telemarketing campaign. The texts were sent between on December 13, 2023 and December 14, 2023 and solicited him to sign up for health insurance.

25.     Under the TCPA, a text message is treated as a call. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016).

26.     The calls were unwanted.

27.     The first text message was sent on Wednesday, December 13, 2023 at 1:29 PM and included a picture of Defendant's logo:



28.     The second text message was also sent at the same date and time. It stated, "`Welcome to DirectHealthInsurance. Thank you for signing up. Call 8449122958 to speak with an agent about the best plans available now! Reply HELP for help, or STOP to opt out. Msg&Data rates may apply.`"

29.     Despite the text of this message, Plaintif Weingrad never "sign[ed] up" to receive any communications from the Defendant and indeed had no prior business with them whatsoever.

30.     The messages continued. On Thursday December 14, 2023 Plaintiff received a message with the logo for United Healthcare:



31.     The fourth text message was also sent at the same date and time. It stated,

"`Finding the right coverage can be difficult. Call 8773604495 to get more info`

`about affordable healthcare options like UnitedHealthcare Short-Term plans`

`today. Press 3, or Reply, "stop" to opt-out.`"

32.     Plaintiff's privacy has been violated by the above-described telemarketing

messages.

33.     Plaintiff never provided his consent or requested these messages.

34.     Plaintiff and all members of the Class, defined below, have been harmed by the

acts of Defendant because their privacy has been violated and they were annoyed and harassed.

In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering

them unavailable for legitimate communication, including while driving, working, and

performing other critical tasks.

## V.     CLASS ACTION ALLEGATIONS

35.     <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings

this case on behalf of the Classes (the "Classes") defined as follows:

> **<u>National Do Not Call Registry Class</u>**: All persons in the United States whose (1)
> telephone numbers were on the National Do Not Call Registry for at least 31
> days, (2) but who received more than one telemarketing call or text message from
> or on behalf of QuoteLab, (3) within a 12-month period, (4) at any time in the
> period that begins four years before the date of filing this Complaint to trial.
>
> **<u>Pennsylvania Telemarketer Registration Act Class</u>**: All persons in the
> Commonwealth of Pennsylvania who (1) received a telephone call from or on
> behalf of QuoteLab, (2) at any time during which QuoteLab was acting as a
> "telemarketer" but not licensed as a "telemarketer" with the Pennsylvania Office
> of Attorney General, (3) at any time in the period that begins two years before the
> date of filing this Complaint to trial.

36.     Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

37.     The Classes, as defined above, are identifiable through telephone records and telephone number databases.

38.     The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

39.     Individual joinder of these persons is impracticable.

40.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

41.     Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

42.     Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

43.     This class action complaint seeks injunctive relief and money damages.

44.     There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

a.      whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

b.      whether Defendant made calls to Plaintiff and members of the National

Do Not Call Registry Class without first obtaining prior express written consent to make the

calls;

c.      whether Defendant was a "telemarketer" conducting "telephone

solicitations" to members of the Pennsylvania Telemarketer Registration Act class without the

required registration; and

d.      whether members of the Classes are entitled to treble damages based on

the willfulness of Defendant's conduct.

45.     Plaintiff's claims are typical of the claims of the Classes, as they arise out of the

same common course of conduct by Defendant and are based on the same legal and remedial

theories.

46.     Plaintiff is an adequate representative of the Classes because his interests do not

conflict with the interests of the Classes, he will fairly and adequately protect the interests of the

Classes, and he is represented by counsel skilled and experienced in class actions, including

TCPA class actions.

47.     Common questions of law and fact predominate over questions affecting only

individual class members, and a class action is the superior method for fair and efficient

adjudication of the controversy. The only individual question concerns identification of class

members, which will be ascertainable from records maintained by Defendant and/or its agents.

48.     A class action is the superior method for the fair and efficient adjudication of this

controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The

interests of individual members of the Class in individually controlling the prosecution of

separate claims against Defendant are small because the damages in an individual action for

violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

49.     Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

50.     Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

51.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

52.     Defendant's violations were negligent, willful, or knowing.

10

53.    As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

54.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**SECOND CAUSE OF ACTION**
**Pennsylvania Telemarketer Registration Act**
**Violations of 73 PA. CONS. STAT § 2243**
**(On Behalf of Plaintiff and the Pennsylvania Telemarketer Registration Act Class)**

55.    Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

56.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Pennsylvania Telemarketer Registration Act, § 2243, by making "telephone solicitation call" as a "telemarketer", to Plaintiff and members of the Pennsylvania Telemarketer Registration Act class despite not registering with the Office of Attorney General at least thirty days prior to the calls at issue.

57.    Defendant's violations were negligent, willful, or knowing.

58.    As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the Pennsylvania Telemarketer Registration Act, § 2243, Plaintiff and members of the Pennsylvania Telemarketer Registration Act Class are

presumptively entitled to their statutory damages of up to $300 for each violation under 73 PA.

CONS. STAT. § 201-9.2(a), plus all reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.      Certification of the proposed Classes;

B.      Appointment of Plaintiff as representative of the Classes;

C.      Appointment of the undersigned counsel as counsel for the Classes;

D.      An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E.      An award to Plaintiff and the Classes of damages, as allowed by law; and

F.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI.          DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.


RESPECTFULLY SUBMITTED AND DATED this December 18, 2023.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

12

_/s/ Anthony Paronich_
Anthony Paronich
(_Pro Hac Vice_ forthcoming)
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

_Attorneys for Plaintiff and the Proposed Class_