## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEON WEINGRAD,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>QUOTELAB, LLC. D/B/A<br>DIRECTHEALTHINSURANCE<br><br>　　　　　　Defendant. | CIVIL ACTION NO. 2:23-cv-05007<br><br><br><br>JURY TRIAL DEMANDED |

**DEFENDANT QUOTELAB, LLC'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT; DEMAND FOR JURY TRIAL**

Defendant QuoteLab, LLC ("Defendant"), by and through its attorneys, submits this Answer to the Class Action Complaint filed by Plaintiff Leon Weingrad ("Plaintiff") and states as follows.

### I.　INTRODUCTION[1]

1.　This paragraph contains conclusions of law to which no response is required. To the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any factual allegations in this paragraph requiring response, Defendant denies them.

2.　This paragraph contains conclusions of law to which no response is required. To the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any factual allegations in this paragraph requiring response, Defendant denies them.

---

[1] QuoteLab adopts the section headings in Plaintiff's Complaint for ease of reference only. To the extent there are any factual assertions therein requiring a response, QuoteLab expressly denies them.

3. Defendant admits Plaintiff purports to bring a putative class action suit under the Telephone Consumer Protection Act ("TCPA") as class representative for all others similarly situated. Defendant denies it is liable under the TCPA or that a class should be certified. Defendant denies the remaining allegations of paragraph 3.

4. Defendant admits Plaintiff purports to bring a putative class action on behalf of a nationwide class. Defendant denies it is liable under the TCPA or that a class should be certified. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 4 and therefore denies them.

## II. PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5 and therefore denies them.

6. Defendant admits it is a Delaware LLC registered to do business in Pennsylvania. Defendant denies the remaining allegations of paragraph 6.

## III. JURISDICTION AND VENUE

7. Defendant does not dispute it is subject to subject matter jurisdiction in this Court for purposes of this litigation only. Defendant denies the remaining allegations of paragraph 7.

8. Defendant does not dispute it is subject to personal jurisdiction in this Court for purposes of this litigation only. Defendant denies the remaining allegations of paragraph 8.

9. Defendant does not dispute venue is proper in this Court for purposes of this litigation only. Defendant denies the remaining allegations of paragraph 9.

## IV. FACTS

**A.   The Enactment of the TCPA and its Regulations**

10. This paragraph contains conclusions of law to which no response is required. To

the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any factual allegations in this paragraph requiring response, Defendant denies them.

11. This paragraph contains conclusions of law to which no response is required. To the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any factual allegations in this paragraph requiring response, Defendant denies them.

12. This paragraph contains conclusions of law to which no response is required. To the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any factual allegations in this paragraph requiring response, Defendant denies them.

13. This paragraph contains conclusions of law to which no response is required. To the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any factual allegations in this paragraph requiring response, Defendant denies them.

14. This paragraph contains conclusions of law to which no response is required. To the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any factual allegations in this paragraph requiring response, Defendant denies them.

B.   **The Pennsylvania Telemarketer Registration Act**

15. This paragraph contains conclusions of law to which no response is required. To the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any

factual allegations in this paragraph requiring response, Defendant denies them.

16. This paragraph contains conclusions of law to which no response is required. To the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any factual allegations in this paragraph requiring response, Defendant denies them.

17. This paragraph contains conclusions of law to which no response is required. To the extent statements in this paragraph purport to summarize or state language from statutory or regulatory sources or case authority, those sources speak for themselves. To the extent there are any factual allegations in this paragraph requiring response, Defendant denies them.

18. It is admitted that Defendant is not registered with the Pennsylvania Office of Attorney General. It is denied that Defendant's registration is legally required.

C.   **Unsolicited Telemarketing to Plaintiff**

19. This paragraph contains only conclusions of law to which no response is required.

20. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 and therefore denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21 and therefore denies them.

22. Denied.

23. Plaintiff's use of the term "never did business with" is vague and ambiguous, with multiple interpretations.  As such, Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff's meaning about the truth of the allegations of paragraph 23 and therefore denies them.

24. Defendant denies it engaged in any wrongdoing subjecting it to liability. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 24 and therefore denies them.

25. This paragraph contains only conclusions of law to which no response is required.

26. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26 and therefore denies them.

27. Defendant admits the picture shown in paragraph 27 appears to depict a logo that Defendant uses in connection with one of its websites. The remainder of this paragraph is admitted.

28. Admitted.

29. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29 and therefore denies them.

30. Defendant admits the picture shown in paragraph 30 appears to depict United Healthcare's logo. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of paragraph 30 and therefore denies them.

31. Admitted.

32. Denied.

33. Denied.

34. Denied.

### V.  CLASS ACTION ALLEGATIONS

35. Defendant admits Plaintiff purports to bring this action individually and on behalf of others as defined in this paragraph. Defendant denies class certification of any proposed class

is appropriate, including as defined. Defendant denies the remaining allegations of paragraph 35.

36. Defendant admits Plaintiff purports to exclude from the defined class the individuals specified in this paragraph. Defendant denies class certification of any proposed class is appropriate. Defendant denies the remaining allegations of paragraph 36.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 41 and therefore denies them.

42. Denied.

43. Defendant admits Plaintiff's Complaint seeks injunctive relief and money damages. Defendant denies it has engaged in any wrongdoing and that Plaintiff is entitled to any relief, including the relief sought.

44. Denied, including as to subparts.

45. Denied.

46. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 46 and therefore denies them.

47. Denied.

48. Denied.

49. Denied.

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
### Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

50. Defendant incorporates its responses to the previous paragraphs as if fully set forth herein.

51. Denied.

52. Denied.

53. Denied.

54. Defendant admits Plaintiff's Complaint seeks injunctive relief. Defendant denies it has engaged in any wrongdoing and that Plaintiff is entitled to any relief, including the relief sought. Defendant denies the remaining allegations of paragraph 54.

## SECOND CAUSE OF ACTION
### Pennsylvania Telemarketer Registration Act
### Violations of 73 PA. CONS. STAT § 2243
### (On Behalf of Plaintiff and the Pennsylvania Telemarketer Registration Act Class)

55. Defendant incorporates its responses to the previous paragraphs as if fully set forth herein.

56. Denied.

57. Denied.

58. Denied.

## PRAYER FOR RELIEF

Defendant denies Plaintiff's prayer for relief in its entirety and denies all allegations in the Complaint except as expressly admitted herein.

**AFFIRMATIVE DEFENSES**

Defendant has not completed its full investigation into the facts of this case, has not completed discovery in this matter, and has not completed its preparation for trial. The defenses asserted herein are based on Defendant's knowledge, information, and belief at this time. By asserting the defenses herein, Defendant has not knowingly or intentionally waived any applicable defenses and hereby expressly reserves the right to assert any additional defenses as may be appropriate, including as to proposed class members of which it is presently unaware. Without assuming any burden of proof not otherwise legally assigned to it as any element of Plaintiff's claims, Defendant asserts the following affirmative defenses.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

The Complaint is barred, in whole or in part, because Plaintiff failed to exercise reasonable efforts to mitigate alleged damages.

**SECOND AFFIRMATIVE DEFENSE**

**(Consent/Ratification)**

The Complaint is barred, in whole or in part, because Plaintiff expressly and/or impliedly consented to, had knowledge of, and/or ratified all conditions alleged to have caused harm.

**THIRD AFFIRMATIVE DEFENSE**

**(Intervening and Superseding Cause)**

The Complaint is barred, in whole or in part, because the alleged damages were caused by intervening and superseding acts, omissions, conduct, negligence, or breach of parties other than Defendant.

## FOURTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

The Complaint is barred, in whole or in part, because of the doctrine of waiver, unclean hands, estoppel, laches, and/or other equitable defenses.

## FIFTH AFFIRMATIVE DEFENSE

### (Unconstitutionality)

Plaintiff's claim is barred, in whole or in part, by the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, and Article I, of the United States Constitution, and/or pursuant to state law.

## SIXTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses or statutory exemptions available under state or federal law, including but not limited to 47 C.F.R. § 64.1200(c)(2).

## PRAYER FOR RELIEF

Defendant prays for judgment against Plaintiff as follows:

1. The Complaint is dismissed with prejudice;

2. Plaintiff takes nothing by the Complaint;

3. Judgment is entered in Defendant's favor and against Plaintiff;

4. Class certification is denied;

5. All relief requested is denied;

6. All further relief to which Defendant is entitled at law or in equity is granted; and

7. Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

QuoteLab LLC hereby demands a trial by jury for all issues so triable.

Dated: January 24, 2024

                                              **GRIESING MAZZEO LAW, LLC**

By:     */s/ Melissa Hazell Davis*
Melissa Hazell Davis, Esq.
Jessica L. Tarapchak, Esq.
Id. Nos. 318298 & 333122
1880 John F. Kennedy Blvd., Suite 1800
Philadelphia, PA  19103
PH: (215) 618-3720
F: (215) 814-9049
mdavis@griesingmazzeo.com
jtarapchak@griesingmazzeo.com
*Attorneys for Defendant QuoteLab, LLC*

Dated: January 24, 2024                        */s/ William A. Delgado*
William A. Delgado, Esq.
*Admitted Pro Hac Vice*
DTO Law
601 S. Figueroa Street, Suite 2130
Los Angeles, CA 90017
PH: 213.335.6999
wdelgado@dtolaw.com