**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEON WEINGRAD** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-5007** |
| | : | |
| **QUOTELAB, LLC** | : | |
| *doing business as* | : | |
| DIRECTHEALTHINSURANCE | : | |

<u>**NOTICE**</u>

A **RULE 16 PRETRIAL CONFERENCE** will be held with Judge Gerald Austin McHugh on Wednesday, **February 28, 2024**, at **1:30 p.m.**, in Chambers (Room 9613), United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.  **Lead trial counsel is required to appear at the conference.**  If trial counsel is on trial in another matter, an attorney in his or her office who is thoroughly familiar with and prepared to discuss the substance of this case is required to appear at the Conference.

Judge McHugh considers a Rule 16 Conference to be a case management conference addressing the **substantive** issues in the case, not merely a scheduling conference.  Counsel should be prepared to discuss the strengths and weaknesses of the case and be completely conversant with the essential issues and facts.  Except when such production is impractical, essential documents identified in self-executing disclosures should be **produced** to opposing counsel sufficiently **in advance** of the Conference to equip all counsel to discuss them intelligently.

The Rule 26(f) Report should **attach** critical documents for review by the Court (e.g., in a contract case, the document(s) comprising the contract; in a personal injury case, photographs of the scene, etc.).

Attached is Judge McHugh's form Report of Rule 26(f) Meeting.  After consultation with counsel for all parties, counsel shall complete, forward to Chambers, and file on ECF the required Report of the Rule 26(f) Meeting incorporating all the information described in Judge McHugh's form Report five (5) days before the Conference.

Judge McHugh expects that the parties will commence discovery in advance of the Conference.

　/s/ Patricia Clark
Patricia Clark
Civil Deputy to Judge McHugh
267-299-7301

Dated:  January 26, 2024

**FORM**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEON WEINGRAD** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 23-5007** |
| | : | |
| **QUOTELAB, LLC** | : | |
| *doing business as* | : | |
| DIRECTHEALTHINSURANCE | : | |

<u>**REPORT OF RULE 26(f) MEETING**</u>

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on **[date]** and submit the following report of their meeting for the Court's consideration:

**[Insert]**        Date of Rule 16 Conference _____        Time of Rule 16 Conference _____

**1.      Discussion of Claims, Defenses, and Relevant Issues**

You should assume that the Court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown.  Therefore, counsel shall set forth concisely the controlling facts that the parties contend support their claims and defenses.

If counsel contends that one or more issues of fact or law will be dispositive, they should specifically identify such issues.

**2.      Informal Disclosures**

Except in exceptional cases with a substantial quantity of documents, the parties are expected to have identified and **produced** documents falling within the definition of initial disclosures under Rule 26(a)(1) in advance of the Conference with sufficient time for opposing counsel to review them and be prepared to address them.

If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.

3.      **Formal Discovery**

Describe the nature, sequence and timing of formal discovery, including any reason why the Court should consider phased discovery.

Estimate the number of depositions and state whether any depositions will occur outside the Eastern District.  State whether third party discovery will be necessary, and identify the source for such discovery.

Identify any areas likely to give rise to disputes as to the proper scope of discovery, including issues of privilege or confidentiality.  If a protective order is requested, counsel should agree on its terms or submit proposed orders for the Court's consideration at the Conference. Discovery should not be delayed by negotiation over the terms of a protective order.

The discovery deadline should normally be no more than 120–150 days from the date of the Rule 16 Pretrial Conference.  If the parties believe there are compelling reasons for a longer period of discovery, state them.

4.      **Electronic Discovery**

It is expected that the parties will reach an agreement on how to conduct electronic discovery, including the proper scope of such discovery.  The parties are expected to address procedures to preserve electronically stored information, avoid inadvertent privilege waivers, and determine the form in which electronic information will be produced.  The cost of producing the information must be discussed.  In the event the parties cannot reach such an agreement before the Rule 16 Conference, the Court will enter an order incorporating default standards.  The default order can be viewed at www.paed.uscourts.gov.

**5.       Expert Witness Disclosures**

Submit a proposal on both the timing and the sequence of expert discovery.  Except in unusual circumstances, the Court's scheduling order does not add time for expert depositions. Rather, it provides that any such depositions may be taken at any point until the final pretrial conference.

**6.       Insurance Coverage**

The parties shall provide full information about any **potentially** applicable insurance, regardless of any disclaimer or reservation of rights, including the limits of coverage, potential excess coverage, deductibles, self-insured retention (SIR), and whether any deductible or SIR includes payment of counsel fees and costs.

**7.       Settlement or Resolution**

The parties should review Local Rule 53.3 before responding.  Whenever possible, plaintiff or counter-claim plaintiffs should communicate a settlement demand before the Conference. Set forth the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options.

**8.       Trial date**

If a date certain is requested, state the reasons.

**9.       Length of Trial**

State the anticipated length of the trial of this matter.

**10.    Other Matters**

Indicate discussion and any agreement on matters not addressed above.

_____
(Attorney Signature)

_____
(Attorney Signature)

Rev. 050814