**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEON WEINGRAD, individually and on behalf of all others similarly situated, | Case No. 23-5007 |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| QUOTELAB, LLC. D/B/A DIRECTHEALTHINSURANCE | |
| Defendant. | |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on January 30, 2024 and provide the following information regarding the Conference:

Date of Rule 16 Conference: March 1, 2024, at 1:30 p.m.

1. **Discussion of Claims, Defenses and Relevant Issues**:

Plaintiff Leon Weingrad claims as follows:  Plaintiff has brought this class action under the TCPA, alleging he received multiple telemarketing text messages advertising the Defendant's services as well as those of other insurance companies, which Defendant admits that they sent and the Plaintiff received, despite Plaintiff having placed his residential phone number on the National Do Not Call Registry and never having consented to the calls. Furthermore, Plaintiff alleges and the Defendant admits that the Defendant is not registered as a telemarketer as required under Pennsylvania law. Through the two classes he has pled, Mr. Weingrad seeks to represent other individuals who received similar communications from the Defendant.

In response, the Defendant claims as follows: While Defendant admits it sent four text messages to a telephone number Plaintiff alleges belongs to him, it did so only after obtaining express consent. Specifically, on December 13, 2023, Plaintiff visited the website

259317.2

www.directhealthinsurance.com where he input his information, including his telephone number, and further provided consent to receive the text messages at issue. Therefore, Defendant denies liability. Furthermore, Defendant denies it is required to register under Pennsylvania law. Lastly, Defendant denies certification of any class would be appropriate because, *inter alia*, individualized issues regarding consent would predominate. Put differently, Defendant only sends text messages after receiving express consent from visitors to the subject website. Therefore, if Plaintiff were to deny he visited the website at issue and provided consent, then every putative class member would have to be cross-examined to determine whether they would admit to having visited the website or, like Plaintiff, would deny visiting the website.

2. **Informal Disclosures**: The parties have identified witnesses and identified and produced documents falling within the definition of initial disclosures under Rule 26(a)(1) in advance of the Conference.

3. **Formal Discovery**:

The Plaintiff will need to seek discovery on the calling conduct at issue, including the number of messages that were sent to the Plaintiff and the class, class members whose numbers are protected by the Pennsylvania Telemarketer Registration Act, Defendant's policies and procedures regarding TCPA compliance, and discovery related to any vendors or third parties which may have placed the calls or which otherwise may be liable for the calling conduct at issue. The Plaintiff will also seek any discovery on any purported consent at issue in this case, which consent, if any, Plaintiff contends was fraudulently obtained. The Plaintiff strongly opposes any attempts at phased or bifurcated discovery. The Plaintiff will also oppose any attempts to forensically examine his computer and contends that such inspection is inappropriate. The Plaintiff will need to take between 3-5 depositions and will notice them in the Eastern

District. Third Party discovery may be necessary if it is revealed that a third-party vendor placed the text messagess at issue.

Defendant will need to depose and seek documents from the Plaintiff. Defendant may need to depose any third parties that had access to Plaintiff's computer, the number of which is presently unknown to Defendant.  Defendant will also need to forensically examine Plaintiff's computer to discover evidence related to Defendant's consent defense.

The parties will meet and confer regarding an appropriate protective order and submit such an order for the court's approval prior to the Rule 16 conference.  The parties agree to a discovery deadline that is 120-150 days from the Rule 16 conference.

4. **Electronic Discovery**:

The Plaintiff requests and expects that all electronic discovery in this case will be produced in its original format, together with any associated metadata. Each party is to presumptively bear the cost of producing the electronic discovery, but any party may move the court for relief pursuant to Fed. R. Civ. P. 26(b)(2)(B).

5. **Expert Discovery:**

The Plaintiff will retain a class-wide expert with respect to analyzing the class-wide calling data for, among other things, identifying class members on the do not call registry, identifying Pennsylvania class members, and evaluating the invalidity of any class-wide consent data. Subject to this Court's dictates, the parties will take such depositions at any point until the final pretrial conference.  Defendant anticipates retaining a rebuttal expert to address any testimony from Plaintiff's expert.

6. **Insurance Coverage:**

There is no potentially applicable insurance with respect to the Plaintiff and such coverage is not applicable.  There is no potentially applicable insurance with respect to the Defendant and such coverage is not applicable.

7. **Settlement or Resolution:**

The Plaintiff will tender a class-wide settlement demand to the Defendant after the Plaintiff has propounded and received responses to discovery to ascertain the potential number of class members and any applicable class-wide claims and defenses. The Plaintiff is agreeable to resolve this matter on a class-wide basis through ADR.

8. **Trial Date:**

The Parties do not request a date certain.

9. **Trial Length:**

The parties request approximately two weeks to present this case if proceeding as a class action or alternatively 4-7 days if proceeding as an individual action.

10. **Other Matters:**

None at this time.

Dated: February 21, 2024

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

4

259317.2

**GRIESING MAZZEO LAW, LLC**

By: */s/ Melissa Hazell Davis*
Melissa Hazell Davis, Esq.
Jessica L. Tarapchak, Esq.
Id. Nos. 318298 & 333122
1880 John F. Kennedy Blvd., Suite 1800
Philadelphia, PA 19103
PH: (215) 618-3720
F: (215) 814-9049
mdavis@griesingmazzeo.com
jtarapchak@griesingmazzeo.com
*Attorneys for Defendant QuoteLab, LLC*

**DTO LAW**

*/s/ William A. Delgado*
William A. Delgado, Esq.
*Admitted Pro Hac Vice*
601 S. Figueroa Street, Suite 2130
Los Angeles, CA 90017
PH: 213.335.6999
wdelgado@dtolaw.com